IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER R. LOPEZ,

    Plaintiff,

vs.                                  Case No. 1:20-cv-1120

WAL-MART ASSOCIATES, INC.

    Defendant.

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(Jury Demand)**

COMES NOW Jennifer Lopez, Plaintiff above-named, by and through her attorney of record, The Joeckel Law Office (David B. Joeckel, Jr.), and for cause of action against the Defendant Wal-Mart Associates, Inc., complains, alleges and states as follows:

**I.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this case involves a federal question. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(1).

**II.**

**PARTIES**

2. Plaintiff, Jennifer Lopez, is an individual residing in Albuquerque, Bernalillo County, New Mexico.

3. At all times relevant to this action, Defendant Wal-Mart Associates, Inc. is a corporation duly authorized to do business in the state of New Mexico. It may be served through

its registered agent, Corporation Process Company, 726 East Michigan, Suite 330, Hobbs, New Mexico 88240.

### III.

### FACTS

4. Plaintiff was employed by Defendant as a People Lead in July of 2019 at its Walmart Neighborhood Market located at 9600 Sage Road SW, Albuquerque, New Mexico 87121. On February 25, 2020, Plaintiff found that a yellow sticky note, which she keeps on her monitor, had a naked woman drawn on it. Plaintiff showed the drawing to the Manager on Duty, Jason Gonzalez, who told her that it was not a big deal and that she was overreacting. Plaintiff reported the incident to the Market Human Resource Manager. Then, on February 29, 2020, Plaintiff found another sticky note on her computer that read, "Who doesn't like titties?" Plaintiff turned the note over to Defendant's Ethics Department to add to their investigation.

5. On March 9, 2020, the Store Manager, Ulises Lopez-Celluar, told Plaintiff that she was being written up and put on an orange level (two levels below termination) for insubordination and respect for individual things on February 10, 2020, February 18, 2020, and February 25, 2020. Plaintiff informed the Store Manager that she did not do the things of which the Store Manager was accusing her. Plaintiff further questioned the timeliness of the write ups. The Store Manager said that the write ups were late because he was receiving help from Defendant's agents. Plaintiff refused to sign the write ups and she again called Defendant's Ethics Department and told the Ethics Department that she believed she was being retaliated against because Plaintiff made a complaint to the Defendant's Ethics Department. Defendant's Ethics Department informed Plaintiff that they would add the retaliation claim to Plaintiff's complaint.

6. On April 1, 2020, Plaintiff reported that there was a camera placed on a cabinet in the breakroom. Shortly after, on April 3, 2020, Plaintiff was written up and put on a red level (the

level before termination) for the reason that Plaintiff was disrespectful to the Store Manager on April 1, 2020, and that Plaintiff was also disrespectful to the maintenance associate. Plaintiff denied these allegations.

7. On May 11, 2020, Plaintiff was contacted by the Ethics Department about Plaintiff's Team Lead, Touré Collins, who reported that Plaintiff called him a drunk, which Plaintiff denied this allegation. On May 20, 2020, Plaintiff received an email from Defendant's ethics investigator stating that it was determined that the allegations made against Plaintiff on May 11, 2020, were unsubstantiated and the case was closed.

8. However, on May 22, 2020, the Store Manager terminated Plaintiff for harassment regarding the complaint that led to the investigation on May 11, 2020. This termination happened despite the Defendant's Ethics Department clearing her of said allegations. Plaintiff asked for the termination paperwork and the Store Manager said he did not have any paperwork.

9. Plaintiff's termination was pretextual. Plaintiff was terminated in retaliation because she reported incidents of sexual harassment to the Ethics department. Furthermore, Plaintiff was discriminated against based on her sex.

**IV.**

**CAUSES OF ACTION**

**A.     Retaliation under Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act ("NMHRA")**

10. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

11. Plaintiff has been retaliated against by Defendant for reporting discriminatory actions. Therefore, Defendant has violated Title VII and the NMHRA.

12. Defendant's violation of the Title VII and NMHRA has directly and approximately caused damage to Plaintiff, for which she hereby sues Defendant.

**B.     Discrimination under Title VII and the NMHRA**

13. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

14. Plaintiff has been subjected to a hostile work environment because of her sex.

15. Plaintiff was subjected to discriminatory actions by the employees of the Defendant.

16. Additionally, Plaintiff was terminated because of her sex.

17. Defendant violated Title VII and NMHRA.

18. Defendant's violation of Title VII and NMHRA has directly and approximately caused damage to Plaintiff, for which she hereby sues Defendant.

## V.

## DAMAGES

19. Plaintiff re-alleges and incorporates each and every allegation contained in all preceding paragraphs.

20. As a result of the actions by Defendant's employee, Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, including but not limited to, front pay, back pay, past and future mental anguish, punitive damages, past and future loss of enjoyment of life, and reasonable attorney's fees.

21. Attached as Exhibit A is a true and correct copy of the Order of Non-Determination Plaintiff received after exhausting his administrative remedies by first filing a charge with the New Mexico Workforce Solutions Human Relations Bureau.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

(1) That the Court award the Plaintiff judgment against Defendant for damages;

(2) That the Court award all other sums as shall be determined to fully and fairly compensate the Plaintiff for all general, special, incidental and consequential damages incurred or to be incurred by Plaintiff as the direct and proximate result of the acts and omissions of the Defendant, including punitive damages;

(3) That the Court award Plaintiff her costs, disbursements and reasonable attorney's fees incurred;

(4) That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served;

(5) That the Court award such other and further relief as it deems necessary and

DATED this _____ day of October, 2020.

Respectfully submitted,

THE JOECKEL LAW OFFICE


_/s/ David B. Joeckel, Jr._
David B. Joeckel, Jr.
NM Bar No. 149695
CAID No. 16/369
500 Marquette Avenue, Suite 1200
Albuquerque, New Mexico 87102
(505) 503-4800

219 South Main Street, Suite 301
Fort Worth, Texas 76104
(817) 924-8600
(817) 924-8603 – Fax
dbj@joeckellaw.com

ATTORNEY FOR PLAINTIFF